RUEDE *v.* STATE OF INDIANA.

[No. 25,398. Filed May 29, 1928.]

*Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *U. S. Lesh,* for the State.

GEMMILL, J.—By an affidavit in two counts, appellant was charged in the first count with the unlawful possession of intoxicating liquor, and in the second count with maintaining a common nuisance, on September 18, 1926, in Delaware County. He was found guilty by a jury on the second count. The offense of which he was convicted is defined in Acts 1925, ch. 48, §24, §2740 Burns 1926. He has appealed from the judgment of fine and imprisonment rendered on the verdict.

The affidavit was not indefinite and uncertain as contended by the appellant. It was not error to overrule the motion to quash same. In the motion for a new trial, twenty-nine causes were stated, but several of them are not presented for review.

The appellant conducted a place in the city of Muncie, where he sold cigars, tobacco and soft drinks. He had been in possession of same for about two weeks, when officers with a search warrant searched it for intoxicating liquor. In an unfurnished room connected with the room where the business was carried on, the officers found, in a pile of trash, two bottles containing about three or four ounces of whisky, and also some empty bottles, that smelled like they had contained whisky. The jury did not make any finding on the first

count of the affidavit charging possession. A verdict finding the defendant guilty of one count of the affidavit, and saying nothing as to the other count is as to such other count equivalent to an express finding of not guilty. *Weinzorpflin* v. *State* (1844), 7 Blackf. (Ind.) 186; *Dickinson* v. *State* (1880), 70 Ind. 247; *Lamphier* v. *State* (1880), 70 Ind. 317; *Harvey* v. *State* (1881), 80 Ind. 142.

Exceptions were taken to various instructions given by the court of its own motion. Instruction No. 4 was in regard to the necessary amount of evidence to support a finding of guilty. There can be no valid objection to this instruction.

Instruction No. 6 was on the subject of the quantity of intoxicating liquor which may constitute possession. This instruction, without doubt, was intended to apply, and did apply, to only the first count of the affidavit, on which appellant was not convicted. He could not have been harmed thereby.

Instruction No. 12 was in regard to evidence concerning the reputation of the place of defendant's business. It is competent to prove the general reputation of the place where it is claimed that intoxicating liquor is possessed or sold or where people resort for the purpose of drinking intoxicating liquor. §28, ch. 48, Acts 1925. Evidence was introduced as to the reputation of the place in question. This instruction did not invade the province of the jury and was correct.

Instruction No. 17 covered the subject-matter of the two counts and contained forms of verdicts. There is no merit to appellant's objections to same.

Exceptions were taken to the admission of some of the evidence. Part of this evidence to which objections were made was competent, and the balance was immaterial and appellant could not have been injured by its admission.

One of the causes for a new trial is that the verdict is not sustained by sufficient evidence. From the evidence it does not appear that the defendant maintained or assisted in maintaining a place where intoxicating liquor was sold, manufactured, bartered or given away; or where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage; or a place where such liquor was kept for sale, barter or gift in violation of the laws of this state. There was evidence that persons would come there in automobiles and take packages away; but it was not shown that the packages contained intoxicating liquor. There was evidence that men congregated there; but it cannot be presumed that they were there for the purpose of drinking intoxicating liquor. And, as heretofore stated, the verdict of the jury was equivalent to an express finding that the defendant was not guilty of the possession of intoxicating liquor. The verdict was not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.