ISTRATE *v.* STATE OF INDIANA.

[No. 24,651.    Filed November 14, 1928.]

*Ralph E. Jones, Walter D. Stump, Finley Nash* and *Ralph E. Updike,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—The appellant was convicted of maintaining a nuisance as defined in Acts 1917 p. 25, §20.   From the judgment, he appeals and assigns as error that the court erred in overruling his motion for a new trial.

From the record it appears that on January 14, 1924, an affidavit was filed by William G. Morr, in the office of the clerk of the DeKalb Circuit Court, charging the defendant, Tudor Istrate, with maintaining a common nuisance.   An amended affidavit was filed by leave of court on January 23, 1924, upon which issue was joined

and appellant tried. The amended affidavit, omitting the caption and signature, is as follows:

"William G. Morr, being duly sworn upon his oath, says that Tudor Istrate on the 24th day of March, in the year 1923, at the county of DeKalb, in the State of Indiana, did then and there unlawfully maintain and assist in maintaining a common nuisance by then and there maintaining and assisting in maintaining a certain room, house, building, structure and place situated on lots numbered three and four in Block eighteen in the Original Plat of the town, now city of Garrett, in DeKalb County, in the State of Indiana, where intoxicating liquor was sold, manufactured, bartered and given away in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage and where intoxicating liquor was kept for sale, barter and delivery in violation of the laws of the State of Indiana, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

A jury found defendant guilty and assessed his fine in the sum of $300 and that he be imprisoned in the county jail six months. The appellant contends that the verdict is not sustained by sufficient evidence and is contrary to law.

The offense for which the appellant was put on trial is fully described in the affidavit charging the offense. An examination of the evidence fails to show that any liquor was sold, manufactured, bartered or given away at the place described in said affidavit. It fails to show that any persons were permitted to resort to such place for the purpose of drinking intoxicating liquor as a beverage. The evidence shows that the place alleged to have been kept as a nuisance was a hotel or rooming house in the city of Garrett, Indiana, and it is not shown that a single sale of liquor was made upon the premises

or that any person came there for the purpose of drinking intoxicating liquor. The evidence was not sufficient to sustain the verdict of guilty. *Ruede* v. *State* (1928), *ante* 112, 161 N. E. 565.

On March 24, 1923, and at the time the affidavit was filed against this appellant charging him with so keeping a common nuisance, it was not a violation of the law to have the possession of or to keep for sale, barter or delivery, intoxicating liquor in this state. See Acts 1923 p. 70; *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

Judgment reversed, with instructions to sustain the motion for a new trial.