## DURBIN V. STATE OF INDIANA.

[No. 29,435. Filed February 27, 1957.]

*John D. Clouse,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the crime of assault and battery with intent to commit

a felony,[1] to-wit: robbery; tried by the court without
the intervention of a jury, found guilty, and sentenced
to the Indiana State Prison for not less than one nor
more than ten years.

The sole question here presented is the sufficiency
of the evidence to sustain the finding and judgment of
the court.

In order for the State to sustain a conviction herein
it was necessary for it to show, by competent evidence,
that appellant herein not only struck the prose-
cuting witness in a rude, insolent, or unlawful
manner, *Bruce* v. *State* (1952), 230 Ind. 413,
420, 104 N. E. 2d 129, but also that such assault and
battery was committed with the intent to rob the prose-
cuting witness.

Appellant admits that there is sufficient evidence to
establish the commission of assault and battery, but
asserts that there is no evidence to show any intent on
his part to rob the victim of his assault.

An examination of the evidence in the record most
favorable to the State discloses the following:

On the night of November 17, 1955, appellant and
one Dorothy Shutt were sitting in a tavern in Evans-
ville, Indiana, when the prosecuting witness
entered. All three of the persons involved had
been drinking. The prosecuting witness came to
the table where appellant and Dorothy Shutt had been
sitting at a time when appellant was away from the
table. The girl had a conversation with the prosecuting
witness who asked her if he could buy her a drink,
saying that he had the money. The girl testified that the
prosecuting witness asked her to leave the tavern with
him and she got up from the table and left the tavern
in his company. Appellant observed her and the prose-

---

1. Acts 1927, ch. 203, §2, p. 580, being §10-401, Burns' 1956
Replacement.

cuting witness start toward the door of the tavern while on his way to the rest room, and when he returned they were gone. He then went outside where he found the couple standing beside a car talking. As appellant approached them he heard the prosecuting witness say that he was going to slap the girl, whereupon he (appellant) hit the prosecuting witness and knocked him down.

There was a police officer in the tavern at the time of the incident and he followed appellant as he left the tavern. This officer testified that he saw appellant strike the prosecuting witness and bend over him after he had fallen to the ground. At that time the officer put his gun on appellant and said, ". . . don't hit him again. Get up and come with me."

In the encounter the prosecuting witness lost his watch and glasses, both of which were later found on the ground at the place where he had fallen when hit by appellant. There was no evidence that appellant had attempted to take anything from the person of his assault victim, nor was there anything said by appellant whereby the court could have reasonably inferred that the intent and purpose of the assault and battery was robbery.

In our opinion there is not a scintilla of evidence in this record from which any proper inference may be drawn that appellant herein had any intent to rob the prosecuting witness at the time he struck him outside the tavern.

Taking into consideration all of the circumstances, which may be inferred from facts which are in evidence, as shown by the entire record, there is, in our opinion, not sufficient evidence from which the trial court could have found that the appellant herein attempted to rob the prosecuting witness.

A man's liberty may not be taken away by a finding

based upon "mere suspicion, guess or conjecture." *Todd* v. *State* (1951), 230 Ind. 85, 92, 101 N. E. 2d 922.

The State having failed to produce substantial evidence of probative value to show that appellant intended to rob the prosecuting witness, the court erred in overruling appellant's motion for a new trial.

Judgment reversed with instructions to the trial court to grant appellant's motion for a new trial.

Achor, C. J., Arterburn, Emmert and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 510.