ANDERSON *v.* STATE OF INDIANA.

[No. 30,739. Filed February 28, 1966.]

*F. LeRoy Wiltrout* and *Worth N. Yoder,* of Elkhart, for appellant.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a criminal conviction in which appellant was charged on two counts; the first charging the defendant with assault and battery with intent to commit robbery, and the second with inflicting a wound while attempting to commit a robbery. The defendant was found guilty of the second count (Inflicting a wound while attempting to commit a robbery). The verdict was silent as to count one, which amounted to a finding of not guilty thereon. 8 I. L. E., Criminal Law § 523, p. 570; *Ruede* v. *State* (1928), 200 Ind. 112, 161 N. E. 565.

The appellant moved for a directed verdict at the close of state's evidence. It is urged that the trial court erred in overruling this motion as well as the motion for a new trial, based solely upon the contention that there was no evidence of probative value from which a jury could find that the appellant was "attempting to commit a robbery" at the time of the alleged assault and battery. We must agree with the contention of the appellant on this appeal.

The charge here included a specific intent—the intent to commit robbery. That is an essential element of the crime charged and there must be evidence of probative value which shows that intent to support the conviction.

In this case the evidence shows that David Bernstein operated a retail grocery on Indiana Avenue in the City of

Elkhart, Indiana; that the store was open seven days a week until about 10:00 o'clock at night; that the appellant knew of the working hours of this store, and that each night the store's receipts at the close of business were taken in a truck for deposit. On the particular night in question, Bernstein carried the receipts in a bank deposit bag to the panel truck parked at the front door of the store and tossed the bag onto the seat of the truck, got in and happened to see through the mirror somebody standing near the door of the truck. When he stuck his head out to make a closer observation, the evidence shows the appellant struck him over the head with a pop bottle and after striking a number of blows, Bernstein rolled out of the truck and cried for help. Some people in the vicinity came running to the spot, hearing Bernstein's screams, and appellant fled.

It is urged as a basis from which inferences might be drawn that appellant intended a robbery; that he apparently was without funds or money; that a day or two before he had been involved in a small shoplifting episode in a store over a candy bar. The fact that he used a pop bottle instead of a gun showed he was in dire financial need or he would have bought a gun; that the neighborhood was one in which there was a high level of criminal activity. These contentions hardly need answering. They are not inferences upon which any logical proof can be made that a robbery was intended. If there had been evidence here that the appellant had attempted to grab the bag of money or had ordered the victim to turn the bag of money over or had ordered him to do any other act which would indicate a desire to get hold of the money bag, there would have been some logical inferences to be drawn that a robbery was intended. In this case, however, we can find no such evidence to support the jury's verdict.

In *Durbin* v. *State* (1957), 236 Ind. 379, 380, 140 N. E. 2d 510, 511, we said:

"In order for the State to sustain a conviction herein it was necessary for it to show, by competent evidence, that appellant herein not only struck the prosecuting witness in a rude, insolent, or unlawful manner, *Bruce* v. *State* (1952), 230 Ind. 413, 420, 104 N. E. 2d 129, but also that such assault and battery was committed with the intent to rob the prosecuting witness."

In *Markiton* v. *State* (1957), 236 Ind. 232, 236, 139 N. E. 2d 440, 442, we further stated:

" 'Where a crime consists of an act combined with a specific intent, the intent is just as much an element of the crime as is the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. The rule is especially applicable where a statutory offense, consisting of an act and a specific intent, constitutes substantially an attempt to commit some higher offense than that which the accused succeeded in accomplishing. . . .' "

For the reasons stated, we must reverse the judgment of the trial court.

Judgment reversed and a new trial ordered.

Myers, C. J. and Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 172.