STANLEY MOORE, ALIAS STANLEY BEVERLY *v.*
STATE OF INDIANA.

[No. 769S172. Filed April 14, 1970. No petition for rehearing filed.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by affidavit and found guilty of assault and battery with intent to commit a felony, to-wit: robbery. Burns' Ind. Stat. Ann. § 10-401.

Where a defendant is charged with assault and battery with intent to commit a robbery the state must produce substantial evidence of probative value to establish not only the commission of the assault and battery, but also to show the defendant's intent to rob the victim. *Durbin* v. *State* (1957), 236 Ind. 379, 140 N. E. 2d 510.

The facts are these: On January 14, 1968, at approximately 1:00 a.m., William Arnold, the prosecuting witness, entered a liquor store and purchased some beer. Upon leaving the liquor store he was approached by the appellant and another man. They invited Arnold over to their car for a drink. Eventually the three men drove off together and subsequently went to the home of one of Arnold's friends to play records. The three of them again left together. An argument ensued over the beer and the gas for the automobile. The automobile stopped and Arnold started to get out. At this point appellant put his arm around Arnold and began choking him, struck him and threw him down in the snow. Appellant's companion then got out of the automobile, claimed he had a gun and instructed appellant to remove Arnold's watch, rings and billfold. Appellant removed these items. Arnold ran down the street and called the police from a telephone booth.

At 3:10 a.m. the police arrived at the corner where Arnold had placed the call. He was found covered with snow and very wet. Arnold entered the police car and related the above events, described his assailants, described the automobile and recited the license number. The police officer requested Arnold to show him where he had been robbed. When the police approached the scene the car Arnold had described was stuck in the snow. Two men were attempting to free it. They were identified as the appellant and his companion and further identified by Arnold as the men who robbed him. At the time of their arrest neither appellant nor his companion were found to possess any of the items taken from Arnold. Three days later, when the snow melted, Arnold's empty wallet was found at the scene of the robbery.

It is the contention of the appellant that there is a total lack of evidence of probative value to establish the essential elements of the crime of assault and battery with intent to commit a felony. The thrust of appellant's argument is that the only evidence adduced by the State was contributed by the prosecuting witness; that such evidence is insufficient to sup-

port a conviction since it was uncorroborated; and that the jury had good cause to believe appellant's version of the events, which was to the effect that Arnold lost his money in a dice game and accused appellant of robbery to cover up his gambling losses.

We are of the opinion that there is sufficient evidence of probative value to support the conviction. The evidence supports a finding that appellant touched and struck Arnold in a rude, insolent or angry manner with intent to rob the victim. In a determination of this question we must view the evidence most favorable to the sustaining of the jury's verdict. *Adams* v. *State* (1969), 252 Ind. 407, 248 N. E. 2d 551. It cannot be said that there is a total lack of any evidence which, if believed by the jury, would prove every element of the crime.

In *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501, this court had occasion to consider a conviction based primarily upon the uncorroborated testimony of the prosecuting witness. We stated:

"We know of no rule, nor has appellant cited us to any, which holds that an accused may not be convicted on the basis of the uncorroborated testimony of a witness whose credibility has not been impeached. The witness in this case is not an accomplice whose testimony would require the utmost scrutiny and evaluation."

It is apparent that the jury believed the prosecuting witness's account of the events and disbelieved appellant's account. This the jury had a right to do. *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649; *Montgomery* v. *State* (1967), 249 Ind. 98, 229 N. E. 2d 466. It is not within our power to pass upon the credibility of witnesses or to say when a witness is telling the truth.

It is lastly argued that a probable cause hearing should have preceded appellant's arrest. Reference is made to *State*

*ex rel. French* v. *Hendricks Superior Court* (1969), 252 Ind. 213, 247 N. E. 2d 519. The issue is not properly before us. Appellant failed to challenge the validity of the arrest warrant by a motion to quash. If this were not enough, the issue was never raised prior to trial, during trial, or in appellant's motion for a new trial. The alleged defect is waived.

Judgment affirmed.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 256 N. E. 2d 907.