ROOSEVELT JAMES *v.* STATE OF INDIANA.

[No. 2-1072A78. Filed June 27, 1973.]

*Julian D. Pace,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Lynda F. Huppert,* Deputy Attorney General, for appellee.

SULLIVAN, J.—This is an appeal from an Armed Robbery Conviction. Appellant contests only the evidence relative to his identification as a perpetrator of the crime.

The evidence, when viewed most favorably to the State, reveals that on December 19, 1971, the Bar-B-Q Heaven at 2149 North College in Indianapolis was robbed. Gertrude Edelen, an employee on duty at the time, identified appellant James as one of four or five men who entered the store together. James first placed an order for some food, and 3 or 4 minutes later pulled a gun announcing "This is a stick up". While another of the men removed the money from the cash register, James remained in front of the witness Edelen at a distance of approximately 10-15 feet. After the men left,

police were summoned and a description of the robbers was furnished to the investigating officers.

James and several others were arrested on December 21, 1971. Trial was had without the intervention of a jury. James was found guilty and sentenced to a determinate term of 10 years for Robbery While Armed.

The only question raised by James' Motion to Correct Errors, and thus under TR. Rule 59 (G) the only issue properly before us, was whether there was sufficient evidence to support conviction upon the basis of Gertrude Edelen's identification.

Miss Edelen consistently stated that James had been standing in front of her for a period of from 5 to 10 minutes, that during that time she had a clear view of his face, and that she "was positive", "there was no doubt in her mind", she could in "no way be mistaken", that James was the man who had robbed the store.

James argues that to allow conviction based only on the testimony of one witness is "arbitrary, harsh and severe"; that Edelen's identification at trial was contaminated by exposure to James at the Preliminary Hearing; and that Edelen's testimony lacked probative value due to an alleged discrepancy between her description and James' actual appearance.

The first two contentions were fully disposed of in *Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576:

> "The appellant here challenges the sufficiency of evidence against him in this case. He argues that the sole evidence against him, an identification by the victim, was insufficient in that the victim was a seventy-four year old man who admittedly only got a five second look at his assailant and first identified the appellant under prejudicial circumstances at a pre-trial hearing. The appellant argues that, in such a case, corroboration is needed and since there was no corroboration the evidence is insufficient. This argument is clearly specious, as it is settled law in this State, as well as in other jurisdictions, that a conviction can be supported by the identification of a single eyewitness. *Moore* v. *State* (1970), 254 Ind. 23, 256 N.E.2d

907. If the appellant believed that his identification at the trial was tainted by improper suggestion at the pre-trial stage, a pre-trial motion to suppress the identification or a motion to suppress the identification at trial would have safeguarded his rights. However, no such motion was made in this case."

The principal flaw which James assigns to Edelen's testimony is that she failed to state that he had a beard and mustache at the time of the robbery. Although she did not state that James was clean shaven during the robbery, she did state that his face had no distinguishing marks, and that he looked just as he did at trial, at which time he was clean shaven.

James introduced evidence in an effort to show that he had a beard and mustache on the day of the robbery. James' two sisters testified as follows:

"A.  Yes, had a beard and a thin mustache, barely visible.

\* \* \*

"Q.  How long was this beard?
A.  It wasn't very long but it was long enough to see.

Q.  Half an inch?
A.  I don't know; what would you call half an inch?

Q.  Oh, about that long.
A.  It wasn't that long, but it was long enough to see."

James also introduced into evidence two photographs. The first, a home snapshot, is blurred and underexposed. It does not disclose James' facial features with any clarity and does not shed light on his claimed hirsute appearance. The second photograph is a police "mug" shot taken two days after the incident. It does reveal an incipient mustache, but again no beard is discernible. Even if the latter picture had depicted James on the day of the robbery rather than two days later, the court would have been entitled to consider the "discrepancy" in testimony as inconsequential. *Perkins* v. *State* (1973), 156 Ind. App. 153, 294 N.E.2d 846.

As was its prerogative, the trial court determined the credibility of the witnesses and weighed the evidence. The evidence

supports the judgment. *Bryant* v. *State, supra; Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359.

Judgment affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 297 N.E.2d 485.