JAMES RUTLEDGE, ELBERT BLAIR *v.* STATE OF INDIANA.

[No. 2-1073A230. Filed June 16, 1975.]

*George T. Popcheff,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—James Rutledge and Elbert Blair were charged with Robbery, IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956), and tried before the court sitting without a jury. They were convicted of Assault and Battery with Intent to Commit a Felony, to-wit: Robbery, IC 1971, 35-1-54-3, Ind. Ann. Stat. § 10-401 (Burns Supp. 1974), and sentenced to terms of one to ten years. Rutledge and Blair appeal the overruling of their timely filed motion to correct errors.

The facts most favorable to the State reveal that at about 3:00 P.M. on February 20, 1973, appellants broke into the apartment of Henry Carlisle at 704 East Georgia Street, Indianapolis. Carlisle, the sole occupant of the apartment at the time, had been resting on a couch in the front room when the door was broken in and appellants entered. One of the intruders held a knife at Carlisle's ribs and a tightly knotted loop of electric cord around the victim's neck while his companion ransacked the apartment. A penknife and a watch, among other things, were taken from Carlisle's dresser and these items were found on appellant Rutledge's person when the pair were arrested.

Appellants raise three issues in their brief:

1. That there was insufficient evidence to sustain the convictions;
2. That the court below erred in admitting certain evidence offered by the State; and
3. That the trial judge erred in refusing to order the State to give appellants a polygraph test pursuant to an

alleged agreement between the State and defendants' trial counsel.

This court can consider only the first of these issues, the other two having been waived by appellants' failure to include them in their motion to correct errors or any accompanying memoranda in support of that motion. Ind. Rules of Procedure, Trial Rule 59 (G) ; *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Beech* v. *State* (1974), 162 Ind. App. 287, 319 N.E.2d 678.

For appellants' convictions to stand, the State must have established that appellants touched and struck Carlisle in a rude, insolent or angry manner with the intent to rob the victim. *Moore* v. *State* (1970), 254 Ind. 23, 256 N.E.2d 907; *Durbin* v. *State* (1957), 236 Ind. 379, 140 N.E.2d 510. In reviewing the sufficiency of the evidence offered by the State to prove these elements, this court can consider only that evidence most favorable to the State, together with all reasonable inferences which may be drawn therefrom which will support a finding of guilty. *Frith* v. *State* (1975), 263 Ind. 100, 325 N.E.2d 186; *Telfare* v. *State* (1975), 163 Ind. App. 413, 324 N.E.2d 270. This court may not weigh the evidence nor judge the credibility of witnesses. *Frith* v. *State, supra; Smith* v. *State* (1975), 163 Ind. App. 425, 324 N.E.2d 276.

While it is not clear that both Rutledge and Blair physically abused the victim, it is not necessary that both have done so. The criminal acts of one accomplice are imputed to the other. *Goodlow* v. *State* (1973), 260 Ind. 552, 297 N.E.2d 803; *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790; IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974).

With respect to proof of intent, Carlisle testified that at least one of the appellants searched the apartment, telling Carlisle that he was going to take anything he could find. The inference of an intent to rob Carlisle that arises from the search and the searcher's ad-

mission is substantiated by the fact that some of Carlisle's possessions were found on defendant Rutledge's person by the arresting officers. The evidence of the required elements of the assault and battery and an intent to rob is not insufficient because it comes from the mouth of a single witness. It is settled in Indiana that a conviction may be sustained upon the uncorroborated testimony of one witness. *Fletcher* v. *State* (1975), 163 Ind. App. 286, 323 N.E.2d 261; *James* v. *State* (1973), 156 Ind. App. 506, 297 N.E.2d 485. Carlisle's testimony afforded the trial judge a sufficient basis upon which to convict the appellants.

Affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 329 N.E.2d 603.