Willie DAVIS A/K/A Ronald S. Greenwald, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–1278A324.

Court of Appeals of Indiana,
Third District.

Dec. 6, 1979.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant Willie Davis was convicted of committing robbery by fear, IC 35–13–4–6

(repealed effective October 1, 1977), and sentenced to a term of imprisonment of not less than ten (10) years nor more than twenty-five (25) years. Davis argues on appeal that the evidence was insufficient as a matter of law to support the conviction and that the trial court erred in denying a motion for mistrial.

When reviewing the sufficiency of evidence, this court considers only the evidence most favorable to the state along with all reasonable inferences to be drawn therefrom in order to determine whether there is sufficient evidence of probative value from which a reasonable trier of fact could have found the existence of each element of the crime beyond a reasonable doubt. *Baum v. State* (1976), 264 Ind. 421, 345 N.E.2d 831; *Clark v. State* (1976), 265 Ind. 161, 352 N.E.2d 762. We will not weigh the evidence nor determine the credibility of the witnesses. *Robinson v. State* (1977), 266 Ind. 604, 365 N.E.2d 1218; *Cowherd v. State* (1970), 253 Ind. 693, 256 N.E.2d 679.

◼ The evidence most favorable to the state reveals that during the evening of October 11, 1976, two men entered a Wilts Food Center in Elkhart, Indiana. They approached the store's office and asked for the manager. When informed that the manager was not there, one of the men, dressed in a brown suit, asked for a $50.00 money order. Assistant manager Steve Estep prepared the money order but as he handed it to the man, the man pulled a gun, demanded all the money in the office and threatened to kill Estep if he did not comply. Estep unequivocally identified Davis at trial as the man in the brown suit. Estep also identified a dark brown dress suit as the suit worn by Davis during the robbery.

Davis contends that the inconsistency between the identification of the dress suit and the description of the suit given the police shortly after the robbery renders the evidence of identification insufficient as a matter of law. There is no merit to this contention.

◼ Only where a reasonable man could not have been convinced from the evidence of the guilt of the accused beyond a reasonable doubt is the evidence insufficient as a matter of law. Although there may be conflicts in the testimony of the state's witnesses or in the testimony of any one witness, the evidence may still support a reasonable conclusion of guilt. *Rosell v. State* (1976), 265 Ind. 173, 352 N.E.2d 750; *Foor v. State* (1977), Ind.App., 360 N.E.2d 1273. Furthermore, an accused may be convicted on the basis of the uncorroborated testimony of a single witness. *Lewis v. State* (1976), 264 Ind. 288, 342 N.E.2d 859; *Frith v. State* (1975), 263 Ind. 100, 325 N.E.2d 186; *Moore v. State* (1970), 254 Ind. 23, 256 N.E.2d 907.

Estep had the opportunity to observe Davis in a brightly lit store at a distance of three feet. He unequivocally identified Davis as the man who robbed the store. The inconsistency between the in-court identification of the brown suit and its description given to the police affects only the weight to be given to the evidence by the trier of fact. Estep's identification of Davis was sufficient to support the verdict.

◼ Davis also argues that the trial court committed reversible error when it denied Davis' motion for a mistrial. On the third day of a three day trial, defense counsel brought to the trial court's attention a newspaper article which stated that Davis was attempting to withdraw a guilty plea he had made in a forgery case.

The trial court polled the jury and determined that only one juror had read the article. After the other jurors were removed from the courtroom, the court questioned the juror to determine the extent of her exposure to the article. The juror stated that she had only skimmed the article and did not remember anything it said except that the jury had been selected. The court admonished the juror. The jury was reassembled after a lunch recess and the court proceeded with further testimony without collectively admonishing the jury.

Davis contends that the admonishment of the individual juror was insufficient to cure

the prejudicial impact of the article and the court should have declared a mistrial. The record reveals that the juror did not read or did not remember reading that part of the article which was prejudicial to Davis. The trial court did not abuse its discretion in determining that any prejudice resulting from exposure to the article could be cured by admonishment.

■ Davis also complains that the court failed to admonish the jury collectively in contravention of the guidelines of *Lindsey v. State* (1973), 260 Ind. 351, 295 N.E.2d 819.

In *Lindsey* the court stated:

"Upon a suggestion of improper and prejudicial publicity, the trial court should make a determination as to the likelihood of resulting prejudice, both upon the basis of the content of the publication and the likelihood of its having come to the attention of any juror. If the risk of prejudice appears substantial, as opposed to imaginary or remote only, the court should interrogate the jury collectively to determine who, if any, has been exposed. If there has been no exposure, the court should instruct upon the hazards of such exposure and the necessity for avoiding exposure to out-of-court comment concerning the case. If any of the jurors have been exposed, he must be individually interrogated by the court outside the presence of the other jurors, to determine the degree of exposure and the likely effect thereof. After each juror is so interrogated, he should be individually admonished. After all exposed jurors have been interrogated and admonished, the jury should be assembled and collectively admonished, as in the case of a finding of 'no exposure.'"

260 Ind. at 358–9, 295 N.E.2d at 824.

While the court did fail to collectively admonish the jury after they had been reassembled, under the particular circumstances of this case, we cannot say that such failure was reversible error. The trial court daily admonished the jury upon the necessity for avoiding exposure to out of court comment concerning the case. In addition the court, in the final instructions, charged the jury that they were to consider only such evidence as the court permitted to be introduced in the case. When the jury was reassembled after the interrogation of the individual juror, they were not allowed to separate again until after the verdict had been returned. The potential hazards of prejudicial exposure no longer existed since the jury did not have the opportunity to become exposed to any prejudicial matter. The instructions fulfilled the court's duty under *Lindsey* of instructing upon the hazards of prejudicial exposure and of avoiding it. *See Sceifers v. State* (1978), Ind., 373 N.E.2d 131.

For these reasons, we hold that the court's failure to collectively admonish the jury was harmless error.

Affirmed.

HOFFMAN and STATON, JJ., concur.