Robert COLLINS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1080S406.

Supreme Court of Indiana.

Dec. 30, 1981.

Andrew R. Tanzillo, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., William F. Buchanan, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary. He was sentenced to a sixteen (16) year term.

The record reveals that upon hearing a burglar alarm, a neighbor observed a man later identified as appellant walking from a near-by home. The witness viewed appellant carrying a small television and other items. The witness accompanied the police to look for appellant who was found approximately ten minutes later. He was in possession of the stolen property.

Appellant claims he was prejudiced by an "evidentiary harpoon" wielded by the prosecution. An evidentiary harpoon is improper evidence calculated by counsel to prejudice the jury against the defendant and his defense. *White v. State,* (1971) 257 Ind. 64, 272 N.E.2d 312. During his opening statement, the prosecutor described the victim securing his home and activating a burglar alarm system because of previous burglaries. During direct examination, the

prosecutor asked the owner of the burglarized residence why he had installed a burglar alarm. The victim replied his home had been broken into on two prior occasions. Defense counsel objected on the ground the statement implied appellant's involvement in the previous burglaries, moved for a mistrial or alternatively an admonishment to the jury. The trial court admonished the jury as follows:

"The objection is overruled. Counsel is suggesting that the witness' last answer is somehow implicating the defendant and that is not to be taken by the jury in any way as any evidence against the defendant of any prior occurrence or prior experience that this man has had burglaries of his home. At this point, there is no evidence to suggest that the defendant currently on trial had anything to do with any prior occurrence whatsoever."

On cross-examination, defense counsel vehemently pursued this line of questioning during which the victim stated that he didn't know who, in fact, had committed the prior burglaries. The prosecutor again mentioned the previous burglaries in his closing argument by stating:

"Now [defense counsel], during the case, made a lot of noise of [the victim] about the two (2) prior burglaries and said you just want to convict him because you've got burglarized before. [The victim] wasn't the person · who identified this man. Who knows who did the other two (2) burglaries, and I'm not standing up here saying that [the appellant] did it. Odds are that he didn't. And there's no knowledge of who did the other burglaries."

Defense counsel again moved for a mistrial which was subsequently denied by the court.

Appellant cites *White, supra,* and *Carr v. State,* (1980) Ind.App., 388 N.E.2d 603, to support his argument. However, these cases are clearly distinguishable from the one at bar. In *White, supra,* the appellant was placed in grave peril when a police officer, not associated with the theft charge being tried, was called to identify the appellant. He stated he had contact with *White* when he was arrested for armed robbery. In *Carr, supra,* the trial judge committed reversible error by admitting the testimony of three police officers regarding their surveillance of appellant which had been prompted by a rash of thirty-two (32) thefts in less than a month.

Unlike the above cited cases, no testimony that appellant was suspected of previous criminal activity was adduced by the State during the trial.

The granting of a mistrial, upon a motion claiming prejudice, is discretionary with the trial judge. *White, supra; Carr,* supra. We believe the trial court did not abuse its discretion by refusing to grant a mistrial.

Appellant claims the evidence to be insufficient to sustain the verdict. He argues the witness's testimony lacked probative value and the appellant's possession of the stolen goods was within ten minutes of the offense explicable.

Under our standard of review for sufficiency of the evidence, we do not weigh the evidence nor judge the credibility of witnesses. Looking solely to the evidence most favorable to the State, and all logical inferences drawn therefrom, we will not disturb the jury's verdict if there is substantial evidence of probative value on each element of the crime charged. *Williams v. State,* (1980) Ind., 406 N.E.2d 241. The record in the case at bar reveals the witness had an ample period of time to view appellant in daylight, gave a detailed description of appellant to police and identified him in custody within ten minutes of the robbery. The conviction can be sustained by the uncorroborated testimony of a single eyewitness. *Pavone v. State,* (1980) Ind. 402 N.E.2d 976. Appellant's explanation of his possession of the stolen property immediately following the burglary was apparently rejected by the jury. The jury is free to believe whomever it chooses in fulfilling its fact-finding function. *Sloan v. State,* (1980) Ind., 408 N.E.2d 1264.

The trial court is in all things affirmed.

All Justices concur.