Aaron Lee THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S254.

Supreme Court of Indiana.

Nov. 12, 1982.

Clorius L. Lay, Lay & Marshall, P.C., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery. He was sentenced to twelve years.

 Appellant claims the evidence is insufficient to support the conviction. He specifically argues the testimony of three eyewitnesses identifying him as the perpetrator of the offense is inadequate. Under our standard of review we will not judge the credibility of witnesses or reweigh the evidence but look solely to the evidence most favorable to the State. *Collins v. State,* (1981) Ind., 429 N.E.2d 623.

The record reveals the owner of a Gary, Indiana, service station identified appellant during trial as the gunman in a robbery of his business. He further testified he viewed appellant at close range in well-lighted conditions. He described appellant's clothing in remarkable detail. The owner positively identified appellant shortly after the robbery while appellant was being detained by the police. A service station employee was also robbed by a man he positively identified as appellant. The employee also described appellant's clothing. Another witness, Mr. Jacobs, viewed the robbery from his car. Mr. Jacobs followed the getaway car until it blew out a front tire. He also described appellant's shirt as loud and "funny looking." Mr. Jacobs iden-tified appellant as the man who fired two shots from a gun as he fled the scene. A conviction may be sustained by the uncorroborated testimony of a single eyewitness. *Collins, supra.* Appellant invites us to judge the witnesses' credibility which we decline to do. The identification testimony sufficiently supports the conviction.

 Appellant next claims the trial court erred in overruling his motion for directed verdict at the close of the State's case in chief. Appellant thereafter testified in his own defense. Thus, the allegation is waived for the purposes of appellate review.

The trial court is in all things affirmed.

All Justices concur.