**Leon DENNIS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1185S476.**

Supreme Court of Indiana.

Oct. 27, 1986.

Michael C. Ice, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Leon Dennis, defendant, appeals his conviction of burglary, a class B felony.[1] He raises two issues:

1) failure to either declare a mistrial or admonish the jury about a newspaper article; and,

2) sufficiency of evidence.

We affirm.

### ISSUE I

On the morning of the first day of evidence at defendant's trial, the local morning newspaper contained the following:

> Jury selection was completed Tuesday afternoon in the burglary trial of an Anderson man.
>
> Leon Dennis, 49, is charged with a May 1982 house burglary.
>
> DENNIS WAS convicted of two similar crimes on May 23 by a Superior Court I jury.
>
> Deputy prosecutor Kevin Eads is trying the state's case. Dennis is being represented by Indianapolis attorney Dean Knapp.
>
> Opening arguments will start at 9 a.m. today.

Defendant promptly moved for a mistrial on grounds the jury may have become aware of his prior convictions and therefore be prejudiced against him. Defendant did not intend to take the stand, for the same reason. The jury was then returned to the court room and carefully polled by the judge. Each juror denied seeing and reading the newspaper article. The mistrial motion was denied. Trial resumed without further admonishment, and concluded with a jury verdict rendered later the same day.

Defendant relies on *Lindsey v. State* (1973), 260 Ind. 351, 295 N.E.2d 819, for the proposition that a jury must be admonished even if there has been no exposure to potentially prejudicial publicity:

> Upon a suggestion of improper and prejudicial publicity, the trial court should make a determination as to the

likelihood of resulting prejudice, both upon the basis of the content of the publication and the likelihood of its having come to the attention of any juror. If the risk of prejudice appears substantial, as opposed to imaginary or remote only, the court should interrogate the jury collectively to determine who, if any, has been exposed. If there has been no exposure, the court should instruct upon the hazards of such exposure and the necessity for avoiding exposure to out-of-court comment concerning the case. If any of the jurors have been exposed, he must be individually interrogated by the court outside the presence of the other jurors, to determine the degree of exposure and the likely effect thereof. After each juror is so interrogated, he should be individually admonished. After all exposed jurors have been interrogated and admonished, the jury should be assembled and collectively admonished, as in the case of a finding of "no exposure."

260 Ind. at 355–359, 295 N.E.2d at 824.

We find the case at bar more analogous to *Davis v. State* (1979), Ind. App., 397 N.E.2d 301, where one juror was exposed to the newspaper article. The juror was admonished, but the remaining jurors, who had not been exposed to the article, were not collectively admonished. Noting that the trial court had generally admonished the jury to disregard out-of-court comments and had also instructed jurors to consider only the evidence before them, the Court held that any error was harmless. 397 N.E.2d 303. In the case at bar, not one juror was exposed to the potentially prejudicial article; the jury returned its verdict later the same day, and there is no showing that jurors had any subsequent opportunity for exposure to the same or further newspaper accounts of the trial. Thus an admonishment would have served no purpose. A defendant bears the burden of showing which jurors were exposed to harmful material, the content of it, and how the jurors were prejudiced,

---

**1.** Ind.Code § 35–43–2–1.

*Wilburn v. State* (1982), Ind., 442 N.E.2d 1098. We find any error on this issue to be harmless.

## ISSUE II

Defendant argues that the evidence is insufficient to support the verdict.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. A conviction can be based upon the uncorroborated testimony of an accomplice. *Smith v. State* (1985), Ind., 475 N.E.2d 1139. An accomplice's credibility is an issue for the jury to resolve. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214.

Defendant drove the vehicle but did not enter the dwelling. He argues that he was unaware that his companions were committing a burglary, and did not know that the property they obtained was stolen. He contends that there is no evidence of his intent to commit this crime.

The State's primary witness was Junior Rhoton, a self-proclaimed professional burglar. The jury was informed of his extensive criminal record including thefts, rape, and battery. Jurors were also informed that he was serving a sentence, that he had committed over thirty uncharged burglaries, and that he had in exchange for his testimony avoided prosecution for these crimes and as a habitual offender. Notwithstanding these factors, the jury chose to believe his testimony.

Rhoton had known the defendant for four or five years. Rhoton testified that he was looking for homes to burglarize early in 1982, and stopped at a house located at 1320 East 60th in Anderson, Indiana, accompanied by defendant and James Sartain. Rhoton and Sartain got out of the vehicle to burglarize this house. Defendant drove away with the understanding he was to return in fifteen minutes for the other two men. Rhoton used a screwdriver to open the front door. He and Sartain entered the home and removed musical instruments, guns and glass figurines. Defendant returned after fifteen minutes and picked up the two men and the stolen property. The stolen property was taken to Tennessee and sold. Defendant received at least two hundred dollars ($200.00) as his one-third share of the proceeds from sale of the stolen goods.

Joseph Keene testified he owned the home at 1320 East 60th Street in Anderson. After returning home from a trip in May, 1982, he discovered that two guitars, a black and white television, a banjo, some porcelain figurines, a tape recorder and a hunting horn had been taken from his home.

■■■ Our burglary statute specifies the following elements for burglary as a class B felony:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

Defendant was charged with breaking and entering a dwelling to commit theft. A person who aids another person in committing an offense, is guilty of the offense as if he were the principal. Ind. Code § 35–41–2–4. *Byrer v. State* (1981), Ind.App., 423 N.E.2d 704.

Applying our standard of review, it is clear that the jury could reasonably find each of the elements necessary for conviction.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.