Leon DENNIS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1185S473.

Supreme Court of Indiana.

Nov. 6, 1986.

Michael C. Ice, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Leon Dennis appeals his conviction of two counts of burglary as class B felonies.[1] Defendant challenges the sufficiency of evidence and argues that the trial court erred by failing to declare a mistrial or to properly admonish the jury after a newspaper article, published during trial, discussed his criminal history.

ISSUE I

Defendant contends that his conviction improperly rested upon the self-serving and uncorroborated testimony of two prosecution witnesses who provided testimony linking defendant as an accomplice to a series of burglaries. The evidence established that defendant provided transportation for his two accomplices, Rhoton and Sartain, to burglarize two residences, one in March and the other in February, 1982. On each occasion defendant let his accomplices out of the car, waited fifteen minutes and returned to pick them up. In both incidents, Rhoton left defendant's vehicle with a pry-bar which was then used to gain entry to both dwellings, and Rhoton returned to the car with the pry-bar. The police discovered pry marks on the doors to both residences. The men stole various items from each

1. Ind.Code § 35–43–2–1.

dwelling. Each owner's description of their missing property coincided with the accomplices description of the property they had taken. The stolen property was initially left in defendant's possession, and defendant assisted in its subsequent sale.

Our burglary statute specifies the following elements for burglary as a class B felony:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

Defendant was charged with breaking and entering a dwelling to commit theft. A person who aids another person in committing an offense, is guilty of the offense as if he were the principal. Ind.Code § 35-41-2-4. *Byrer v. State* (1981), Ind.App., 423 N.E.2d 704.

 In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. A conviction can be based upon the uncorroborated testimony of an accomplice. *Smith v. State* (1985), Ind., 475 N.E.2d 1139. An accomplice's credibility is an issue for the jury to resolve. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214.

██ Applying our standard of review, there is clearly enough evidence to sustain the convictions.

### ISSUE II

██ The second morning of defendant's three-day trial began following voir dire but before any evidence had been introduced. A local newspaper was published that morning which reported the beginning of the trial and the fact of defendant's prior conviction and other pending charges. During the second day of trial, the prosecution presented its case in chief and the defense began its case. The State's witnesses testified about other crimes defendant had committed and about other pending charges.

Before the jury was released for the day, the trial court admonished the jurors not to read press accounts of the trial, not to discuss the trial, and not to reach a decision until all the evidence had been presented. On the morning of the third day, defense counsel brought the newspaper account to the trial court's attention. When requested by defense counsel to poll the jury, the trial judge stated that he would inform the jurors that some newspaper accounts had been published, inquire whether any jurors had read them, and then take no further action unless there were affirmative responses. Defense counsel responded that this procedure would be satisfactory and did not request admonishment. The trial court then inquired of the jury whether any juror had seen the newspaper article. All jurors responded in the negative. Trial resumed and further admonishment was neither provided nor requested. The jury verdict was returned later that day.

Defendant argues that the trial court erred by failing to admonish the jury after it had been polled. An identical issue was raised and discussed in an analogous case involving this defendant's appeal from a separate conviction. *Dennis v. State*, (1986), Ind., 498 N.E.2d 1209. For the same reasons as expressed there, we find determinative the absence of any showing as to the specific jurors exposed to the harmful material, the content read, and the resulting prejudice.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.