**Sherwin K. JOHNSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 45S00–8607–CR–664.

Supreme Court of Indiana.

Nov. 25, 1987.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., William E. Dailey, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Sherwin K. Johnson was convicted of Robbery, a class B felony, Confinement, a class B felony, and Rape, a class A felony, and was sentenced to a total of forty (40) years in a maximum security facility. His Motion to Correct Errors was denied and he appealed directly to this court.

The sole issue raised on appeal is whether evidence presented at trial is sufficient to sustain Johnson's conviction. We hold that it is.

The facts show that on June 20, 1985, D.L.C. was talking with her boyfriend in a parked car at Harrison Park in Hammond, Indiana. It was late in the evening. A man, later identified as Johnson, approached the car, asked for a light for his cigarette, and pointed a gun at the boyfriend. He told the boyfriend to leave, got in the car, drove D.L.C. to a vacant lot, and sexually assaulted her. He forced her to perform fellatio and submit to sexual intercourse at gunpoint. He verbally threat-

ened her if she did not cooperate. He then took money from her purse and fled on foot.

D.L.C. returned to the park where she met with the police and her boyfriend. While there, the police brought Johnson, who had been apprehended because he matched the description D.L.C.'s boyfriend had given them. D.L.C. and her boyfriend positively identified Johnson. D.L.C. was then taken to the hospital. Tests were later performed by an Indiana State Police forensic seriologist; she testified at trial that the blood sample taken from Johnson was of the same type as semen samples obtained from D.L.C. She also testified Johnson's blood type was the same as 21% of the general population. Also, on the night of his arrest, Johnson carried bills of the same denomination as those taken from D.L.C.

When sufficiency of the evidence is raised on appeal, this court will not reweigh evidence or judge the credibility of witnesses. Rather, we look to that evidence most favorable to the State and any reasonable inferences drawn therefrom. If the conviction is supported by substantial evidence of probative value, it will not be disturbed. *Rowan v. State* (1982), Ind., 431 N.E.2d 805.

Much of the evidence presented at trial came from D.L.C. Her testimony was corroborated by: (1) her boyfriend's testimony; (2) the fact that Johnson's girlfriend turned over a gun to police and testified Johnson carried it with him that evening; (3) the description of the assailant given by D.L.C. and her boyfriend closely matched Johnson's appearance; (4) D.L.C. and her boyfriend positively identified him; (5) Johnson carried two (2) five dollar bills and a ten dollar bill when arrested, the same denomination D.L.C. gave her attacker; (6) the blood type and seminal fluid match between Johnson and the assailant; and (7) Johnson's presence in the vicinity of the attack. This evidence overwhelmingly establishes Johnson's guilt. Even had D.L.C. been the only witness to testify, this would have been sufficient evidence to sustain his conviction. *Moore v. State* (1970), 254 Ind.

23, 256 N.E.2d 907, 908; *Collins v. State* (1981), Ind., 429 N.E.2d 623, 624.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.