COACH *v.* STATE OF INDIANA.

[No. 31,172. Filed April 8, 1968.]

*Gary R. Landau*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Dennis J. Dewey*, Deputy Attorney General, for appellee.

PER CURIAM.—The appellant was tried for the crime of robbery by the court, without a jury, and found guilty thereof. The sentence of the court was not less than ten years nor more than twenty-five years in the Indiana State Prison.

The appellant has raised one issue in his brief, namely, that the verdict of the trial court was not supported by sufficient evidence, and was therefore, contrary to law. It is the general rule in this state that a conviction will be sustained if there is any evidence of the facts essential to support the judgment. *Majko* v. *State* (1965), 5 Ind. Dec. 462, 207 N. E. 2d 212, [246 Ind. 506]. Furthermore, when the sufficiency of the evidence becomes an issue, this court will consider only the evidence which is most favorable to the state. *Langley* v. *State* (1968), 12 Ind. Dec. 419, 232 N. E. 2d 611, [250 Ind. 29].

"When the question of the sufficiency of the evidence is raised, this Court will consider only that evidence which is most favorable to the state. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914. We have said on a number of occasions that this Court cannot weigh the evidence, but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677. *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185."

It should also be noted that it is not necessary on appeal that the evidence show the defendant's guilt beyond a reasonable doubt in order for this court to sustain the judg-

■ ment. *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N.
E. 2d 782; *Arrington* v. *State* (1952), 230 Ind. 384,
103 N. E. 2d 210. The verdict below will not be disturbed for
sufficiency unless there is total lack of some evidence on an
essential element of the crime charged. *Greenwalt* v. *State*
(1965), 6 Ind. Dec. 129, 209 N. E. 2d 254, [246 Ind. 608];
*Wojcik* v. *State* (1965), 4 Ind. Dec. 664, 204 N. E. 2d 866,
[246 Ind. 257].

The evidence before the trial court showed that the owner's
wife, Mrs. Collins, was working in a liquor store at 724 East
10th Street, city of Indianapolis, Marion County; that she
saw co-defendants Coleman and Jones both in the liquor store
and that Coleman pulled a gun out of his pocket and said "I
want your money." She gave Coleman money and nine bottles
of fifths of whiskey. As the defendants Coleman and Jones
were leaving the store Mr. Collins appeared, followed and
shot at them, and a shot was returned. The husband testified
that he followed the co-defendants outside, that the co-defend-
ants got into the right hand side of the automobile and the
car started as soon as they got in. He did not see the driver,
but he did testify that there were three marked one dollar
bills in the register with black X's marked on the back, and
that these bills were among the money taken. A witness
testified that she was in the house next door to the liquor
store and heard the shots; that she saw a car pull away with
three men in it. The testimony of Mrs. Collins indicated that
the time of the robbery was approximately 1:30 in the after-
noon of September 16, 1966. John Holder, an Indianapolis
police officer, testified that approximately 1:30 in the after-
noon of September 16, 1966, he and his partner apprehended
the three co-defendants at 16th and Carrollton Street in the
city of Indianapolis, Marion County. A search of the car
revealed a gun sticking out of the seat on the passenger side
and some eighteen one dollar bills among which were three
one dollar bills with "X" marked on them.

Appellant in his brief admits to the elements of robbery committed by co-defendants Coleman and Jones. The trial court's conclusion that there was sufficient evidence, and that no reasonable hypothesis of innocence existed, is not inconsistent with the evidence presented to the trial court. Generally stated, the rule in Indiana is that a conviction can be based on circumstantial evidence. *Stallings* v. *State* (1967), 12 Ind. Dec. 7, 231 N. E. 2d 29, 31, [249 Ind. 110]; *Sinks Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563.

There is sufficient evidence in the record to indicate that the trial judge could find that the appellant was inferentially shown to be the driver of a car that drove away with two men after a robbery of a liquor store had been committed by them.

The judgment of the trial court is affirmed.

Hunter, Jackson, JJ. concur in result.

NOTE.—Reported in 235 N. E. 2d 493.