## STOCK *v.* STATE OF INDIANA.

[No. 468S66. Filed March 20, 1969. Rehearing denied May 8, 1969.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Duejean C. Garrett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by indictment with the offense of assault and battery with intent to kill. He was found guilty of the offense and judgment was rendered accordingly.

The appellant urges that the evidence is insufficient to sustain the conviction for the reason that he acted in self-defense and that the specific intent to kill is lacking in the evidence. On appeal this Court will consider only that evidence most favorable to the state in order to determine its sufficiency. *Wincel v. State* (1968), 251 Ind. 498, 242 N. E. 2d 508; *Coach v. State* (1968), 250 Ind. 226, 235

N. E. 2d 493; *King v. State* (1968), 249 Ind. 699, 234 N. E. 2d 465.

The evidence most favorable to the state is that on February 3, 1967, at approximately 9:00 p.m. Mr. Carol Warfield accompanied by two companions drove to a shopping center located at 30th and Georgetown Road, Indianapolis, Indiana. As Mr. Warfield approached a drug store where he intended to shop, he observed appellant's brother, Terry, walking in the road in front of the car. Warfield honked his horn, in response to which Terry made some comment which was unheard by the car's occupants. Terry then proceeded to the driver's side of the car and asked Warfield if he was looking for trouble. When Warfield said he wasn't, Terry pulled a gun and told the occupants to wait there until he got his brother. Terry then turned and went into the grocery store which adjoined the drug store. While Terry was inside, Mr. Warfield got out of the car and took a rubber hammer from the trunk which he placed underneath the front seat of the car.

Terry and the appellant returned to the car, where a verbal altercation took place between them and Warfield. Warfield reached into his car and turned off the motor. He then told the Stock brothers that although he could take care of both of them, he was not going to start anything. At that time appellant pulled a gun and threatened to shoot Warfield, to which Warfield replied that he wasn't man enough to shoot him. Appellant then shot Warfield.

Appellant contends that when Warfield reached inside the car it was for the purpose of getting the hammer and not to shut off the car's motor. In support of this contention is the testimony of appellant's brother, ". . . and I told my brother, I said look out, Larry, I said he's got a hammer or something, he is going to hit you." The appellant claims that this statement, plus the circumstances surrounding the shooting, are enough to establish fear in the appellant and

give him the right to defend himself with such force as seemed reasonably necessary to him at the time "to protect himself and his brother from the assault."

The testimony of Terry Stock is refuted by the testimony of Leon Ford, one of the occupants of the car.

> "Q. Now did you see Carol's hands just before he was shot?
>
> "A. They were just at his side.
>
> "Q. Was there anything in them?
>
> "A. No, sir."

Ford's testimony is corroborated by the victim of the shooting, Carol Warfield.

> "Q. At the time you were shot and you were out of your car, did you have any weapons of any kind on you?
>
> "A. No, I didn't."

■ This Court will not weigh conflicting evidence.

"The appellant's main argument seems to be that the testimony of the state's witnesses was somehow unreliable, or that the testimony of the appellant himself and his corroborating witness should have carried such weight as to nullify the state's evidence. However, it has long been settled that this Court will not weigh conflicting evidence on appeal." *Stock v. State* (1966), 247 Ind. 532, 534, 535, 219 N. E. 2d 809, 811.

■ This Court has held that whether or not a plea of self defense has validity is an ultimate question of fact solely for the trial court.

"Whether or not appellant herein shot and killed the deceased in self-defense was an ultimate fact solely for the determination of the jury from the evidence in this case." *Bange v. State* (1958), 237 Ind. 422, 426, 146 N. E. 2d 811, 812.

To support the appellant's argument that the essential element of intent to kill is lacking in the proof, appellant claims he was standing only three feet from Warfield, yet the shot was to the stomach rather than a more vital organ such as the head or heart, and that there was an absence of any talk of killing or any attempt to injure the victim after the shot was fired. With appellant's contention we do not agree. Intent and purpose to kill may be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death. *Warren v. State* (1963), 243 Ind. 508, 188 N. E. 2d 108; *Schlegel v. State* (1958), 238 Ind. 374, 150 N. E. 2d 563; *Petillo v. State* (1950), 228 Ind. 97, 89 N. E. 2d 623.

In *Petillo, supra,* p. 102, a case with a charge similar to the one present here, the court stated, ". . . and, in the absence of any such direct proof, if the assault and battery was with a deadly weapon, used in such a manner as to be reasonably calculated to cause death, the intent to kill might be inferred from the act itself."

The verdict of the trial court is supported by sufficient evidence and the judgment is affirmed.

Hunter and Givan, J.J., concur.

DeBruler, C.J., and Jackson, J., concur in result.

NOTE.—Reported in 245 N. E. 2d 335.