## IVES *v*. STATE OF INDIANA.

[No. 768S115. Filed April 11, 1969.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was convicted by the Court without the intervention of a jury of the crime of assault and battery with intent to kill as described in Burns' § 10-401a. The pertinent parts of the statute read as follows:

> "Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the state prison for not less than two (2) nor more than fourteen (14) years. [Acts 1959, ch. 49, § 1, p. 119.]"

Following the conviction, appellant filed a timely motion for new trial, which motion charged that the finding of the Court was contrary to law, and that the finding of the Court was not sustained by sufficient evidence.

A third ground stated in the motion for new trial was that no witness actually saw the stabbing referred to in the

affidavit, that the ownership of the knife was not established, no one saw the inflicting of the injury, and that the defendant acted in self-defense.

The motion for new trial had no memorandum attached thereto in compliance with Rule 1-14B of this Court, which became effective on the 1st day of March, 1967, whereas the motion for new trial in this cause was filed on the 30th day of April, 1968. We note, however, that the alleged third ground stated in the motion for new trial is actually a recitation of a statement of the evidence which would tend to support the appellant's contention that the finding of the Court is not sustained by sufficient evidence.

An examination of the record in this case discloses that the victim of the attack, one Fritz Curtis Daube, testified that he was seated at a lunch counter at approximately 3:00 o'clock in the morning. The appellant, who was seated on one side of him at the counter, was banging on the counter with a beer can and using abusive language in the presence of ladies in the lunch room. The witness' brother, who was seated on the opposite side of him, admonished the appellant not to use the abusive language in the presence of ladies, upon which the appellant inflicted a wound upon the person of Fritz Curtis Daube with a knife which the appellant held in his hand. The other persons, including the brother of the wounded man, testified as to the existence of the fight which occurred between the parties; however, no one but the injured man testified they actually saw the knife in the hand of the appellant. However, there was testimony that there was a large amount of blood on the floor where Fritz Curtis Daube was sitting at the time he was struck with the knife. After the attack, the wounded man's brother took him to the hospital where he received treatment for a wound in his left chest.

This Court has held that a conviction will be sustained if there is evidence of the facts essential to support the judgment. *Bush v. State* (1968), 251, Ind. 84, 237 N. E. 2d 584; *Coach v. State* (1968), 250 Ind. 226, 235 N. E. 2d 493.

From the evidence in this case the trier of fact was justified in finding that the appellant did, in fact, perpetrate an assault and battery upon the person of Fritz Curtis Daube, and that in so doing inflicted a knife wound in the victim's left chest. The use of a deadly weapon, in this case a knife, is evidence from which the trier of fact may infer that the appellant had the intent to kill Fritz Curtis Daube at the time he perpetrated the assault and battery upon his person. *Petillo v. State* (1950), 228 Ind. 97, 102, 89 N. E. 2d 623.

The judgment of the Trial Court is, therefore, affirmed.

DeBruler, C. J., and Arterburn and Hunter, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 246 N. E. 2d 389.