## ADAMS v. STATE OF INDIANA.

[No. 169-S-8. Filed June 30, 1969. Rehearing denied August 25, 1969.]

*Jerrald A. Crowell, Bowman and Crowell,* Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *James F. Biddle,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with the crime of robbery. She was found guilty and judgment rendered accordingly.

Appellant contends on appeal that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. In a determination of this question we must view the evidence most favorable to the sustaining of the trial court's judgment, namely, in favor of the state. *Stock v. State* (1969), 252 Ind. 67, 245 N. E. 2d 335; *Coach v. State* (1968), 250 Ind. 226, 235 N. E. 2d 493; *Ponos v. State* (1962), 243 Ind. 411, 184 N. E. 2d 10.

E. Ray Moore testified that on November 1, 1967, at about 1:30 a.m., he was driving through the City of Fort Wayne, Indiana, when he became confused as to his location and stopped at a corner to ask directions of two women standing there. In response to his request for directions, the taller woman asked if he would like a "trick". While engaged in conversation with the taller woman, the other woman entered the car from the right side and held a knife to Moore's body. Moore testified the taller woman, who was later found to be Gloria Hall, was not aware that the knife was there. However, Mrs. Hall also entered the car and told Moore to drive to a corner, which he did. Upon reaching this corner Moore was told that it was still too light and to drive to another

dark spot. Moore testified that he drove the car as directed ". . . because I was scared that she was going to stick this knife in me and I didn't mind being robbed but I didn't want them to bodily harm me."

After Moore and the two women had reached the second dark spot, the woman later identified as the appellant held the knife on him and rifled his pockets while Mrs. Hall went through his brief case in the back seat. The appellant then started to push the knife into Moore, at which time he grabbed her arm and hit her. At this time Mrs. Hall realized that the appellant had a knife, and tried to help the appellant by grabbing Moore by his shirt collar in order to keep him in the car. Moore finally succeeded in getting out of the car and had started to run, when a police car turned the corner. Moore informed the policemen that he had been robbed and they proceeded after the women. After a short chase Mrs. Hall was apprehended, but the other woman escaped.

Later the same night, after viewing photographs at the police department, Moore identified the other woman as the appellant. He also identified her in a lineup and in court as the woman held the knife. Moore testified that the appellant took twenty-three dollars ($23.00) from him and that all of his credit cards were taken.

Mrs. Hall admitted being the taller of the two women who confronted Moore, but claims the shorter girl was a girl named Laura or Lana. Mrs. Hall further testified that Laura agreed to commit an unnatural sex act with Mr. Moore for $10.00, which she was in the process of doing when Moore became excited, gave her a second ten dollar bill and told her to get out of the car. Mrs. Hall's testimony concerning "Laura" was supported by another witness.

The appellant argues that the material allegations of the affidavit are not supported by sufficient evidence, and cites *Easton v. State* (1967), 248 Ind. 338, 228 N. E. 2d 6 in support of her position. We do not believe the *Easton* case is

applicable here. The charge there was burglary, yet the evidence clearly showed that the defendant took or attempted to take nothing from the apartment, but was merely watching television when discovered. The evidence in that case showed at most only "a suspicion of guilt or opportunity to commit a felony."

The material allegations of the crime of robbery are set out in Burns' § 10-4101, as:

> "1) Whoever takes
> 2. "2) from the person of another
> "3) any article of value
> "4). by violence or putting in fear is guilty of robbery . . ."

The evidence here shows that a woman who was later identified as the appellant took twenty-three dollars ($23.00) from Moore by holding a knife at his side:

> "Q. In the course of the events that you (Moore) have described, the point at which the girls first got in the car and the one girl stuck the knife on you, up to the point at which the money and credit cards were taken from your person, I will ask you if during the course of those events you were in fear?
>
> "A. Very definitely, yes, I indicated to the girls they could have my money but don't put the knife in me. I was afraid the shorter girl was going to plunge a knife into me. I told them, 'Take my money but let me go.'"

Moore's testimony was corroborated by a picture, State's Exhibit Number One, which showed small scars on the abdomen of Moore.

The appellant further alleges that Moore's testimony is so inconsistent that the identification of the appellant by him is insufficient. With this contention we can not agree. Moore positively identified Delores Adams as the girl with the knife three separate times—from the mug book, from the lineup, and while in the court room.

"The question of identity is one of fact and not of law. Therefore all evidence bearing upon the question must be submitted to the jury, and it is for the jury to determine whether it is satisfactory and trustworthy. (Citing cases)." *Medsker v. State* (1946), 224 Ind. 587, 590, 70 N. E. 2d 182; *Barnes v. State* (1965), 246 Ind. 485, 205 N. E. 2d 539; *Greenwalt v. State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

Appellant also questions the lineup identification by Moore of the appellant, since the lineup consisted of only two girls. In the trial court the appellant objected to Moore's testimony concerning picking Delores Adams out of a two-girl lineup. The question concerning the identification was then withdrawn. No further objections appear in the transcript concerning testimony relating to the lineup. A further examination of the transcript reveals that the appellant consented to the lineup as long as "it is someone or some girls around my size." The testimony in the trial court showed that the other girl in the lineup was the approximate size of the appellant. We are therefore of the opinion that any objection which the appellant might have had based on the number of people in the lineup was waived through her consent to the lineup and her attorney's lack of objection in the trial court.

For the foregoing reasons, we hold that there is sufficient evidence to support the verdict, and that the judgment of the trial court should be affirmed.

DeBruler, C. J., Hunter and Givan, JJ., concur. Jackson, J., dissents with opinion.

### DISSENTING OPINION.

JACKSON, J.—For the purpose of this dissent I deem it necessary to ask only one question: where in the record is there to be found the substantial evidence of probative value to sustain the trial court?

NOTE.—Reported in 248 N. E. 2d 551.