**Walter Bishop COX, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4971.

District of Columbia Court of Appeals.

Argued July 14, 1969.

Decided Oct. 3, 1969.

John A. Shorter, Jr., Washington, D. C., for appellant.

James E. Sharp, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry and Frederick G. Watts, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

The sole issue presented by this appeal is whether the police had probable cause to arrest appellant and a co-defendant and therefore justification for their subsequent search of appellant's person and automobile at the scene of the arrest. The trial court held the arrest and search valid and denied appellant's motion to suppress a pistol and ammunition which the arresting officers seized from him. Appellant was convicted by a jury of assault [1] and carrying a pistol without a license [2] and placed on probation for one year.

At about 11:30 p.m. the arresting officers were on patrol in a cruiser heading north

1. D.C.Code 1967, § 22–504.

2. D.C.Code 1967, § 22–3204.

on Georgia Avenue just before it intersects with Irving Street when they heard over their radio another police car call in a "lookout" to the dispatcher for a green 1962 or 1964 Buick which had "pulled a gun on" a subject at 14th and Irving Streets. One of the officers recognized the transmitting voice as that of a police officer he knew.[3] The lookout continued that the Buick was traveling east on Irving away from 14th Street which runs parallel to and lies four blocks west of Georgia.[4] Within seconds the officers saw what they thought was a 1962 two-tone green Buick driving eastward on Irving stop for the light at the intersection where they were waiting. After the light changed the Buick proceeded across Georgia on Irving and they followed it for three blocks. As they closed in behind the Buick and turned on their dome-light it pulled over to the curb to park. Appellant and his co-defendant alighted from the Buick and the police arrested them. A .38 caliber pistol was on the floor of the front seat of appellant's Buick and appellant had a clip of "live" ammunition for the gun in his pocket.

■ What constitutes probable cause depends on the "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act". Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Whether probable cause to arrest existed must be determined by the particular facts and circumstances of each case. Wong Sun v. United States, 371 U.S. 471, 479, 83 S. Ct. 407, 9 L.Ed.2d 441 (1963). A police of-ficer may arrest without a warrant when in the light of his training and experience he has grounds to believe, as a reasonable, cautious, and prudent peace officer, that a crime has been committed and the person he is arresting has committed it. Bell v. United States, 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86 (1958).

■ We conclude that upon the facts presented to the officers in the instant case they had probable cause to arrest appellant. The facts were that within the span of time the officers knew was reasonably required to travel the four blocks from the scene of the crime to where they were awaiting a car fitting the description contained in the lookout as to make and year appeared going in the direction announced by the lookout. The emergency nature of the situation confronting the officers is also a factor that may be considered in determining whether the arrest was proper. Bailey v. United States, 128 U.S.App.D.C. 354, 358, 389 F.2d 305, 309 (1967). Had the officers waited for further details about the suspect before taking action, the automobile from which the assault had been made may well have made its escape into another part of the city or another jurisdiction.

■ Appellant points to the discrepancy between the color of the car described in the lookout ("green") and the color of his car which in fact had a "steel-gray" body and a "white" top. The victim whose complaint triggered the lookout had reported

---

3. The police officer who initiated the communication from his scout car (No. 640) which was overheard by the officers who subsequently arrested appellant had first hand knowledge of the crime because the victim had "just advised" him of the assault. It seemed reasonable under the circumstances to believe that the victim was telling the truth. See Daniels v. United States, 129 U.S.App.D.C. 250, 393 F.2d 359 (1968).

4. The transcript of the broadcast from the other cruiser to the dispatcher reads in pertinent part as follows:

> A citizen just advised me that a '62 or '64 Buick going east in the 1400 block of Irving Street pulled a gun on him and stated he should get out of the area. You might have a unit check on it.
>
> \* \* \* \* \*
>
> That was a green Buick, possibly a '64. Registration is unknown. He pulled a gun on a citizen. And he was last seen going east 1300 block of Irving Street.

the car as green.[5] Courts have recognized that "a crime victim's observation may be faulty in some respects" as "the result of the victim's excitement or poor visibility" but have concluded that such mistakes "are irrelevant if there is sufficient particularized information to constitute probable cause". Brown v. United States, 125 U.S. App.D.C. 43, 45–46, 365 F.2d 976, 978–979 (1966). *See also* Bailey, *supra;* Ellis v. United States, 105 U.S.App.D.C. 86, 264 F. 2d 372, cert. denied, 359 U.S. 998, 79 S.Ct. 1129, 3 L.Ed.2d 986 (1959). In the instant case, the officers had information about the kind of automobile, the direction it was travelling and, most important of all, its proximity to their location which taken together was particularized enough to constitute probable cause for them to arrest appellee when he appeared in that automobile less than a minute after they received the lookout.

Appellant seeks to bring his case within Gatlin v. United States, 117 U.S.App.D.C. 123, 326 F.2d 666 (1963), where the arrest was held invalid, but in *Gatlin* the arrest was a part of a roundup of suspects conducted a substantial time after the crime upon the basis of a *general* description which lacked the particularity of the lookout in the instant case.

Appellant also argues that since the lookout made no reference to any passenger in the fleeing Buick the arresting officers had no reason to believe that this particular Buick carrying one passenger was the car which had committed the crime. We think it reasonable for the officers to have made a judgment in the seconds available to them for decision that a gun could have been pointed at the victim from the car by a person other than the driver and that therefore the presence in the moving Buick of both a driver *and* a passenger did not con-

stitute such a discrepancy as to invalidate the arrest. *Cf. Bailey, supra.* The judgment must be and is

Affirmed.

---

5. The trial court examined the appellant's car in daylight and described the gray color as "a pastel or medium shade" so that there would appear to be some justification for the confusion as to color at night on the part of the victim who was assaulted and the officers who intercepted the car.