JAMES P. BERNARD *v.* STATE OF INDIANA

[No. 2-176A6. Filed September 14, 1977. Rehearing denied February 27, 1978.]

*John M. Blevins,* of Anderson, *Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J. — Defendant-appellant James Bernard (Bernard) appeals from his conviction of commission of a felony while armed with a deadly weapon,[1] claiming insufficiency of the evidence, erroneous admission of testimony concerning his stop and arrest, improper testimony by his accomplice, and improper instructions.

We affirm.

## FACTS

The facts and evidence most favorable to the judgment are:

On the night of December 14, 1974, the Jug Liquor Store in Anderson, Indiana, was robbed by a lone gunman, who then fled down an alley with the owner and a clerk in hot pursuit. The gunman ducked into some bushes, a car door slammed, and immediately a car with two people hurriedly departed. After firing several shots at the car, the clerk called the police, described the get-away vehicle as a '63 or '64 white over dark Chevrolet, and indicated the direction the car was headed.

---

1. Ind. Code § 35-12-1-1.

Within minutes a Madison County Deputy observed a white over green 1963 Chevrolet near the scene of the robbery with damage to the rear of the vehicle. After confirming the location of the robbery, he pursued and stopped the vehicle. The occupants of the Chevrolet, Bernard and his companion, Denver Clifford (Clifford), were returned about twenty-five minutes later to the Jug Liquor Store where Clifford was identified by the owner and the clerk as the gunman.

Prior to trial Bernard filed a motion to suppress all evidence relating to the search of Bernard's vehicle or person, claiming there was no valid grounds for such a search . . . a position sustained by the trial court. However, prior to trial Bernard filed a motion in limine to suppress all testimony relating to the circumstances leading up to the stop and arrest of Bernard . . . a motion the trial court overruled.

At Bernard's trial Clifford, the gunman, was called by the State to testify, and he pled the Fifth Amendment in response to various questions, including one asking him if he knew James Bernard. Bernard did not object to Clifford's appearance or the questions asked him nor did he request the jury be admonished to disregard Clifford's testimony. The judge gave instructions relating to flight, aiding and abetting, and circumstantial evidence, all of which were objected to by Bernard.

## ISSUES

Following his conviction of committing a felony while armed with a deadly weapon, Bernard claims numerous errors which may be grouped into five issues:

(1)  Was it error for the State to call Clifford to testify, knowing he probably would refuse to answer the State's questions?

(2)  Was testimony regarding the stop and arrest of Bernard permissible?

(3)  Was there sufficient evidence to sustain the conviction?

(4)  Was it error to give certain instructions which Bernard claims are not supported by the evidence?

(5) Was the court's instruction on circumstantial evidence a correct statement of the law?

Initially Bernard contends the State tainted his trial (fundamental error) when Clifford was called to testify knowing he was likely to invoke his constitutional right against self-incrimination. Clifford's refusal to answer questions, he says, creates a perception of guilt in the jury's mind a defendant should not be forced to overcome. The State responds any error was waived because Bernard failed to object to the testimony or request admonishment by the trial judge.

Secondly, Bernard contends that the motion in limine to forbid testimony regarding the stop and arrest of Bernard should have been granted. As the trial judge granted the motion to suppress testimony relating to search evidence found at the arrest scene, no testimony regarding the actual stop or arrest should have been admitted. The State responds that while no probable cause may have existed for the search of Bernard, there was substantial evidence to support the stop.

Thirdly, Bernard claims that there was insufficient evidence to sustain his conviction because no testimony places him at the scene of the crime, and testimony putting him in the company of Clifford should not have been admitted. He also claims that there was no testimony at trial of substantial probative value which would establish that he was over the age of sixteen. The State responds that there was substantial circumstantial evidence to sustain the conviction and testimony was given at trial that Bernard was thirty years old.

Next, Bernard complains that the trial court erred by giving certain instructions relating to flight and aiding and abetting, claiming that there was no evidence given at trial to support the trial judge's giving of those instructions. The State responds that there was evidence to support the instructions.

Additionally, he claims the instruction on circumstantial evidence was inaccurate. The State responds that the instruction was proper and that it, coupled with Bernard's instruction on circumstantial evidence, gave an accurate statement of the law.

## DECISION

### Issue One

CONCLUSION — Reversible error was not committed in allowing Clifford to testify and plead the Fifth Amendment.

In *Gurley v. State* (1976), 264 Ind. 552, 348 N.E.2d 16, the Supreme Court sustained a conviction in which the State called an accomplice to testify knowing he was likely to "plead the Fifth." As in the case before us, defense counsel did not object or request the jury be admonished.[2]

Furthermore, the damning implication that Clifford knew Bernard was fortified by direct testimony that Bernard was brought back by the police with Clifford to the scene of the crime and both identified, all within a few minutes after the robbery occurred.

Under these circumstances little harm could result.

### Issue Two

CONCLUSION — There was evidence to sustain Bernard's conviction.

He was stopped within minutes of the robbery, driving the car in which Clifford, positively identified as the robber, was riding. The car closely matched the description of the vehicle which sped away from the victims of the robbery in the alley seconds after Clifford had run into the bushes.

Bernard shares the fate of other accomplices who act as chauffeurs of get-away cars. In both *Stoehr v. State* (1975), 263 Ind. 208, 328 N.E.2d 422, and *Coach v. State* (1968), 250 Ind. 226, 235 N.E.2d 493, the defendant's conviction for robbery was sustained although he was not identified as being at the scene of the crime but was apprehended within minutes of the robbery driving a vehicle in which robbers were seated and which closely matched the description of the get-away vehicle. *Also see Coleman v.*

2. Bernard's reliance on *Aubrey v. State* (1974), 261 Ind. App. 692, 310 N.E.2d 556, is of no consequence — as an admonition was requested and denied in that case.

*State* (1976), 265 Ind. 357, 354 N.E.2d 232, and *Tibbs v. State* (1970), 255 Ind. 309, 263 N.E.2d 728.

Also, there was sufficient evidence of Bernard's age. A police officer testified Bernard was thirty years old, and he was in the court room for the jury to observe.

Issue Three

CONCLUSION — Testimony regarding the investigative stop of Bernard was properly admitted.

Bernard finds succor in the trial court's ruling suppressing any evidence resulting from police *search* of his person and the automobile. We do not . . . because even if we assume there was lack of probable cause for an arrest, there could exist reasonable grounds for an investigative stop. *Terry v. State of Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Zarnik v. State* (1977), 172 Ind. App. 593, 361 N.E.2d 202.

A police officer may stop a vehicle if he could reasonably have believed that the vehicle he stopped was the one used in the crime. *Williams v. State* (1974), 261 Ind. 547, 307 N.E.2d 457; *Luckett v. State* (1972), 259 Ind. 174, 284 N.E.2d 738. If an officer has a description of the vehicle he is justified in making a stop of a similar vehicle, *Cheeks v. State* (1977), 266 Ind. 190, 361 N.E.2d 906; *Landrum v. State* (1975), 167 Ind. App. 304, 338 N.E.2d 666; *Zarnik, supra,* and such a stop will be upheld even if the description is inaccurate regarding a vehicle's model, *Luckett, supra,* or color. *Cox v. United States* (D.C. Ct. App. 1969), 256 A.2d 917; *Landrum, supra.*

The investigative stop of Bernard's vehicle was reasonable. Armed with a description of the vehicle as a white over dark 1963 Chevrolet, the officers first viewed the vehicle immediately after the robbery leaving the vicinity of the crime. Two people were in the vehicle and the police officer observed the rear tail light was not working (possibly due to the shots fired during the get-away). *See Luckett, supra; Coleman v. United States* (1969), 420 F.2d 616; *Cox v. United States, supra.*

Thus, we conclude the police officers had a legal right to stop Bernard and testimony regarding that stop was properly admitted.

Issues Four and Five

CONCLUSION—The jury instructions objected to were properly given.

Bernard objected to certain instructions given by the State dealing with flight and aiding and abetting, contending not that these were incorrect statements of law but that they did not fit the evidence.

If there is any evidence to support an instruction, it is properly given even in the face of an objection that it is not applicable to  the evidence. *Harris v. State* (1900), 155 Ind. 265, 58 N.E. 75. See also *Brunaugh v. State* (1910), 173 Ind. 483, 90 N.E. 1019.

As previously determined there was sufficient evidence to sustain a conviction. Likewise there was evidence to support the giving of the instructions relating to flight and aiding and abetting.

Bernard's attack on the State's instruction[3] regarding circumstantial evidence has no merit. This instruction was explicitly approved in *Wolfe v. State* (1928), 200 Ind. 557, 564, 159 N.E. 545, 547, and apparently is still a valid statement of the law. Furthermore, the trial court also gave his instruction on circumstantial evidence,[4] which states the rule of *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874.

---

3. State's instruction number 10 reads as follows:

Any fact necessary to be proved in this case may be proved by direct evidence of eye witnesses, or by circumstantial evidence, or by both circumstantial evidence and direct evidence by witnesses. Circumstantial evidence is to be regarded by the jury in all cases. When it is strong and satisfactory, the jury should so consider it, neither enlarging nor belittling its force. It should have its just and fair weight with the jury and if, when it is taken as a whole and is fairly and candidly weighted, it convinces the guarded judgment, the jury should act upon such conviction. You are not to fancy situations or occurrences which do not appear in the evidence, but you are to make such just and reasonable inferences from the circumstances proved as the guarded judgment of a reasonable man ordinarily would make under like circumstances.

4. Bernard's instruction number 5 which was tendered and given by the trial judge reads:

Finding no reversible error, we affirm the conviction.

White, J. and Garrard, J. (by designation) concur.

NOTE—Reproted at 367 N.E.2d 20.

The Court instructs you that where circumstantial evidence is relied upon for conviction of a criminal offense, it is not sufficient that it coincides with the hypothesis of the guilt of the accused, but the circumstances must be of so conclusive a character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of his innocence.