**Donald Ross CATES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 484S157.

Supreme Court of Indiana.

Sept. 27, 1984.

Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Donald Ross Cates was convicted of class A felony Attempted Murder at the conclusion of a jury trial in the Delaware Superior Court. The trial court sentenced him to twenty years imprisonment. Appellant now directly appeals and raises the following as his sole issue:

1. whether he was denied the effective assistance of trial counsel.

The facts adduced during trial and most favorable to the State show that Appellant, a thirty-seven year old man, took a pistol from his parents' house, hid it in an automobile air filter box, and directed the victim—his estranged wife—to drive him to his parents' property in a rural area where he shot her twice in the chest. Appellant then drove her to a hospital. At trial, Appellant by counsel maintained that the shooting was an accident.

Appellant argues on appeal that he "did not receive an adequate defense" because his trial counsel did not present any evidence at trial of his mental and physical health at the time of the "event." Appellant asserts that he was hospitalized for gonorrhea and was diagnosed to be paranoid schizophrenic approximately one month prior to when his wife was shot. It is, of course, basic that we presume that counsel was competent and we require convincing evidence to rebut that presumption. *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, *reh. denied*; *Howell v. State*, (1983) Ind., 453 N.E.2d 241; *Lindley v. State*, (1981) Ind., 426 N.E.2d 398. Moreover, this Court will presume that the strategies or tactics which were not employed by trial counsel were not warranted by the circumstances or, if indicated, were rejected after due deliberation. *Helton v. State*, (1980) 273 Ind. 211, 402 N.E.2d 1263. As the United States Supreme Court has held, the proper standard for attorney performance is that of reasonably effective assistance. *Strickland v. Washington*, (1984) —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, when a convicted defendant complains of the ineffectiveness of his counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.

In the instant case, Appellant's trial counsel advanced the defense that this shooting was accidental. Counsel put Appellant on the witness stand and allowed Appellant to testify that his gun accidentally discharged twice while the victim attempted to take it from him. Appellant specifically testified that he did not intentionally shoot the victim. It therefore is obvious why Appellant's trial counsel would not have wanted to introduce any evidence to suggest that Appellant was mentally ill or that his wife had recently transmitted a venereal disease to him. Clearly such evidence would have been inconsistent with Appellant's testimony that the shooting was an unpremeditated acci-

dent. Moreover, Appellant testified during his sentencing hearing that he had "mentioned" his mental problems to his trial counsel who said that he "didn't want to go or try for a mental plea" because Appellant "could get locked up and never get out." This testimony indicates due deliberation. We previously have held that when there is evidence that trial counsel discussed the insanity plea with a defendant and thereafter rejected the tactic, the defendant's representation is not necessarily "constitutionally ineffective." *Field v. State,* (1981) Ind., 426 N.E.2d 671. This Court will not substitute its judgment for trial counsel's on matters of trial strategy including whether or not to interpose an insanity defense. We find that Appellant has failed to show that he was ineffectively represented by his trial counsel.

The trial court is affirmed in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.