Paul SHACKELFORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S432.

Supreme Court of Indiana.

Jan. 2, 1986.

Susan K. Carpenter, Public Defender of Ind., Eric L. Mayer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Paul Shackelford was convicted by a jury of murder and received a life sentence. This Court affirmed his conviction on direct appeal in *Shackelford v. State* (1976), 264 Ind. 698, 349 N.E.2d 150. He now appeals denial of his petition for post-conviction relief.

Appellant raises three issues in this appeal:

(1) Whether the presentation of multiple defenses constitutes ineffective assistance of trial counsel;

(2) Whether the post-conviction court erroneously applied a harmless error standard in reviewing the effectiveness of counsel; and

(3) Whether the trial court's findings of fact were sufficiently specific.

On the evening of June 27, 1973, appellant met the decedent, Russel E. Smith, at the Rathskeller tavern. The two men entered into a wager for a pool game. They had argued about the amount of the bet but finally agreed on five dollars. When Smith lost the pool game, he refused to pay off on the bet.

After Shackelford left the tavern he heard someone saying something to him as he crossed the street but he could not understand the words. Appellant walked towards the speaker to determine what was said.

The speaker turned out to be Smith. Shackelford testified that Smith called him a smart aleck. Appellant responded that Smith should not be gambling unless he had enough money to back his bet. Smith then allegedly hit appellant, whose vision became blurred. The next thing that appellant remembered after he was hit by Smith was that he "was in the act of kicking him. I seen he was down and I kicked. As I was kicking I was trying to break the kick, but I was too close and I grazed off

his shoulder and went into his face." Appellant claims that he does not remember hitting Smith and was unaware that Smith was seriously injured when he left.

While Smith's face was severely injured from crushing blows, he died from injuries sustained to his chest: broken ribs which severed two of the main chest arteries.

At 1:30 a.m. the next morning, Smith's body was found by the police lying on the ground of the parking lot across from the Rathskeller tavern. At 2:15 a.m., appellant returned to this parking lot and was subsequently arrested.

### I. Multiple Defenses

Appellant's claim that he did not have effective assistance of counsel at his trial is predicated on two theories: first, that trial counsel presented two inconsistent defenses, and, second, that trial counsel presented a third defense which was not supported by the evidence.

Appellant argues that self-defense and intoxication are inconsistent theories because one suggests that a person intends to defend himself while the latter argues that the individual is too intoxicated to formulate intent. He maintains that the presentation of inconsistent and unsupportable defenses prejudiced him at his trial because it suggested to the jury that he had no defense at all and was "merely grabbing at straws". He says that this approach prejudiced him by confusing and distracting the jury from any single substantial defense. He also claims that this approach destroyed his credibility before the jury. He further argues that he was prejudiced by proceeding to trial with the unsupportable defense of insanity, which was subsequently withdrawn during the trial.

To succeed on a theory of self-defense a defendant must show that he:

(1) was in a place where he had a right to be;

(2) acted without fault; and

(3) had a reasonable fear or apprehension of death or great bodily harm.

*Hinkle v. State* (1984), Ind., 471 N.E.2d 1088.

Voluntary intoxication requires a showing that the accused was so intoxicated as to be incapable of formulating the requisite intent. *Henson v. State* (1982), Ind., 436 N.E.2d 79. Voluntary intoxication may afford a complete defense which excuses the criminality of the act. *Heyward v. State* (1984), Ind., 470 N.E.2d 63. The evidence must show that the accused was incapable of performing acts which require a significant degree of physical or intellectual skills before a trier of fact is justified in finding that he was not responsible for his actions because of voluntary intoxication. *Watkins v. State* (1984), Ind., 468 N.E.2d 1049.

This Court has previously noted the difficulties that may inhere at trial when inconsistent or alternative defenses are presented by the criminal defendant. *Hester v. State* (1974), 262 Ind. 284, 315 N.E.2d 351. This issue has generally arisen when trial counsel has presented one defense and appellant claims that another defense should have been presented. In such situations, this Court has found that the appellant was effectively represented by trial counsel when assertion of the defense which had been omitted at trial would have been inconsistent and contradictory to the appellant's own trial testimony. *Cates v. State* (1984), Ind., 468 N.E.2d 522; *Kemp v. State* (1983), Ind., 446 N.E.2d 1306.

The theories of self-defense and intoxication are not inconsistent as a matter of law. Voluntary intoxication operates as a defense if it serves to negate *mens rea*. On the other hand, a self-defense theory encompasses both intentional and accidental killings. *Gunn v. State* (1977), 174 Ind.App. 26, 365 N.E.2d 1234. For example, self-defense may be asserted when the accused exerts proper force against the assailant whose death resulted accidentally:

> As we have said, in proper cases the assaulted party has the right to meet force with force; and if, in a proper defence, death results to the assailant, the killing may be excusable without a belief on the part of the assaulted party

that it was necessary for his own safety. In such cases the defence is purposely made, but the killing is not purposely done. It is simply the result of the defence. *McDermott v. State* (1883), 89 Ind. 187, 195.

Under such circumstances, self-defense and intoxication may be raised simultaneously as independent theories. Whether the two defenses are factually inconsistent involves the weight accorded the facts supporting each theory as determined by the jury. *Gunn*, 365 N.E.2d at 1239. Whether appellant's voluntary intoxication was sufficient to preclude the formulation of the requisite *mens rea* is a question of fact for the jury. *Wagner v. State* (1985), Ind., 474 N.E.2d 476. Similarly, whether an accused's assertion of self-defense is valid is a factual question for the jury to determine from the evidence. *Traylor v. State* (1981), Ind., 420 N.E.2d 887; *Stock v. State* (1969) 252 Ind. 67, 245 N.E.2d 335.

■ At the post-conviction hearing appellant testified that on six different occasions his trial counsel met with him to discuss the different defenses he would be taking at trial. Moreover, appellant's own trial testimony recited factual support for each of the three defenses presented. Shackelford testified that he and the victim argued intermittently while at the Rathskeller tavern, that the victim used abusive and derogatory language against him, and that the victim hit him first. Appellant also testified that his alcohol and drug consumption for the day and evening of the crime was substantial. Finally he said that he did not remember hitting the victim. These facts indicate that the jury could have found that appellant's intoxicated state distorted his perception and thus the killing was accidental. Under the facts of this case, we do not find the defenses of intoxication and self-defense to be in such conflict that simultaneous submission constituted ineffective assistance of counsel.

■ Appellant also argues that he was prejudiced by proceeding to trial with the allegedly unsupportable defense of insanity and by counsel's decision to delay withdrawal of this defense. He maintains that trial counsel should not have proceeded to trial with this defense when the psychiatric reports indicated that it could not be supported. Shackelford claims that there was more than enough time to withdraw this defense before the February 26, 1974 trial date and that withdrawal during the trial prejudiced him before the jury.

Appellant pleaded not guilty by reason of insanity (Count I) and filed a competency petition on January 9, 1974. On January 14th he pleaded not guilty by reason of insanity to Count II and the court appointed doctors Ahlbrand and Trier to examine appellant. The psychiatrists filed their reports on January 22nd and February 20th. Both doctors concluded that appellant was sane at the time the crime was committed. At the close of the State's case in chief appellant moved to withdraw his plea of not guilty by reason of insanity. A directed verdict was granted by the trial court for Count I and the jury verdict of guilty for Count II was returned.

Psychiatric reports alone do not constitute the sole evidentiary basis which could support an insanity defense. Appellant testified at trial that he saw psychiatrists on four different occasions during his service in the Marines and that his discharge was based upon "severe character and behavior disorders manifested by a passive-aggressive personality". Trial counsel decided to withdraw the insanity defense after having seen the presentation of the State's case. We find this to be a matter of trial strategy and not an adequate basis for a finding that trial counsel was ineffective. *Harrington v. State* (1984), Ind., 459 N.E.2d 369.

## II. Standard of Review

■ Appellant argues that the post-conviction court erroneously applied a harmless error standard in reviewing the effectiveness of trial counsel's representation. He maintains that the proper standard is the mockery of justice test as modified by the adequate legal representation standard.

Appellant's argument arises out of the findings of fact entered by the judge, who concluded that "[t]he record indicates that his attorney gave adequate representation to the defendant and the conduct of said trial, and that from the evidence, replete in the record itself, the defendant could not have prevailed if he had had a John Marshall as his attorney." Shackleford maintains that this phrase suggests that any shortcomings of trial counsel were harmless because even the effective trial counsel would not have been able to help him.

This Court now evaluates a claim of ineffective assistance by application of the test used in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This standard requires appellant to show not only that trial counsel's performance was deficient, but also that this deficiency prejudiced the defense. *Osborne v. State* (1985), Ind., 481 N.E.2d 376. The granting of relief in post-conviction proceedings due to alleged ineffective assistance of counsel thus requires a showing of harm. We find the trial judge's formulation to be consonant with the *Strickland* rule.

### III. Findings of Fact

Appellant argues that the trial court did not make sufficiently specific findings of fact in accordance with post conviction rule 1 § 6.

The issues raised in appellant's petition for post-conviction relief were:

(1) Whether trial counsel conducted an adequate pretrial investigation, and

(2) Whether the presentation of alleged inconsistent and unsupportable defenses at trial rendered defense counsel's assistance ineffective.

Finding number one recited that "the record indicates that his attorney had extensive pretrial investigation as well as pretrial conditional examinations of the State's witnesses." Finding number two stated that the "record indicates that his attorney gave adequate representation to the defendant and the conduct of said trial, and that from the evidence, replete in the record itself, the defendant could not have

prevailed if he had had a John Marshall as his attorney."

Appellant argues that the judge did not make a specific finding regarding pretrial investigations because the steps taken in the pretrial investigation were not specified and the State's witnesses were not identified. He also claims that specificity requires that finding number two at least mention the multiple defenses which were presented at trial.

The trial court is required to make findings of fact which are sufficient to enable this Court to dispose of the issues upon appeal. *Taylor v. State* (1985), Ind., 472 N.E.2d 891. However, the post-conviction judge is not required to recite the evidence but only the substantive facts which compel the conclusions reached. *Young v. State* (1984), Ind., 470 N.E.2d 70. These findings must communicate the basis upon which the petition is granted or denied. *Bean v. State* (1984), Ind., 467 N.E.2d 671.

The post-conviction judge adequately indicated the basis for denial of petitioner's issue number one. The findings regarding issue number two are general and conclusory. The deficiency lies not in the omission of the specific theories presented at trial but in the failure to recite the specific facts which support the determination of adequate representation. However, a reversal and remand for more specific findings is not warranted where the facts underlying the claims are not in dispute and the issues are clear. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. The issue is sufficiently presented for our review in accordance with the purposes of the post-conviction rule. We find no reversible error.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.